NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
                                    :   Civil Action No. 14-524
**In re JAMS NOS. 1340007979 AND**  :
**1340007982**                      :   OPINION
                                    :
                                    :   April 29, 2015
_____ :

**ARLEO, UNITED STATES DISTRICT JUDGE.**

Before this Court are petitioner Suzanne Tongring's ("Petitioner") motions to vacate two arbitration awards and to seal the motion to vacate [Dkt. Nos. 12, 16]. Respondent Susan Bogart ("Respondent") opposes the motions and cross-moves both to dismiss on various grounds and for sanctions. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. Upon consideration of the parties' submissions in connection with these motions, and for the reasons set forth herein, the Court finds that this case must be **TRANSFERRED** pursuant to 28 U.S.C. § 1404(a) to the U.S. District Court for the Northern District of Illinois.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of two arbitration awards entered in favor of respondent Suzanne Bogart following various arbitration and court proceedings taking place in Illinois. Petitioner and Respondent are attorneys who served together as class counsel in a putative class action filed in the U.S. District Court for the Northern District of Illinois (Oplchenski v. Parfums Givenchy, et al., No. 05-6105). Respondent performed legal services from August 2007 until December 2008 pursuant to a Memorandum of Understanding ("MOU") to which the parties had agreed.

Dkt. No. 2, Am. Pet. to Vacate, at 2; Dkt. No. 2-2, Ex. 7. The MOU incorporated by reference the original attorney engagement letter (the "Engagement Letter") into which the class action plaintiffs had entered with Petitioner, Respondent, and the other attorneys involved in the case. Dkt. No. 2-2, Ex. 7; Dkt. No. 2-1, Ex. 6. Respondent withdrew following the denial of the plaintiffs' motion for class certification. Am. Pet. to Vacate at 2. Ultimately, the case was settled and a fund was created to pay attorneys' fees and costs. See Dkt. No. 2-1, Ex. 3, at 47.[1] In an effort to ensure that she was compensated for her work, Respondent prepared an attorney's lien in Illinois and filed an action for enforcement of the lien in Illinois state court. Dkt. No. 2-1, Ex. 2, at 37-44. Finding that the MOU mandated arbitration of the dispute, the state court judge stayed the case and referred it to the Judicial Arbitration and Mediation Service ("JAMS") in Illinois. Id. Respondent thereafter initiated a second arbitration regarding alleged breaches of the MOU. Awards in favor of Respondent were entered in both arbitrations. See Dkt. No. 2-1, Exs. 3, 5. Eventually, Respondent moved to confirm the awards in Illinois state court, and confirmation was entered on March 7, 2014. Dkt. No. 18-1, Ex. A(7).

Virtually all of the operative facts and relevant events in this case occurred in Illinois: (1) the MOU provided that arbitration would occur before JAMS in its Illinois offices; (2) all respondents in the underlying arbitrations reside and/or work in Illinois; (3) the underlying class action litigation took place in Illinois; (4) the parties entered into the MOU in Illinois; and (5) the MOU provides that Illinois law shall govern the contract. The sole connection to New Jersey in this case is that Petitioner resides in the state.

Petitioner filed the instant action seeking to vacate the arbitration awards on January 24, 2014. Dkt. No. 1, Petition to Vacate. Petitioner moved to vacate the awards on September 24,

---

[1] Because some of the exhibits in Docket Entry No. 2-1 are comprised of multiple documents, the page numbers cited here are the ECF page numbers located at the top of each page.

2014. Dkt. No. 12, Mot. to Vacate. Respondent opposes the motion on various grounds, including: (1) insufficient service of process; (2) lack of subject matter jurisdiction; (3) lack of personal jurisdiction; (4) failure to join indispensable parties; (5) res judicata; (6) lack of standing; (7) failure to state a claim; and (8) improper venue. Because the Court finds that this matter is most appropriately adjudicated in the Northern District of Illinois, the Court will exercise its discretion to transfer the case under 28 U.S.C. § 1404(a).[2]

## II. TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

### A. Standard of Review

Section 1404(a) permits a district court to transfer a case to any other district where venue is proper "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a). The purpose of § 1404(a) is twofold: to avoid wasting "time, energy, and money" and to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960). A decision to transfer venue is based on "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations omitted). Generally, the party seeking transfer bears the burden of establishing that transfer is necessary. Id. A Court may, however, order a transfer pursuant to § 1404(a) on its own motion. See Ferens v. John Deere Co., 494 U.S. 516, 530 (1990); see also Knierim v. Siemens Corp., No. 06-4935, 2008 WL 906244, at *19-22 (D.N.J. Mar. 31, 2008).

---

[2] As noted above, Respondent argues in opposition that this Court lacks personal jurisdiction over her. Although it appears that the Court may lack personal jurisdiction over Respondent, the Court need not reach the issue because it is transferring the case. See United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964).

The decision to grant or deny a transfer under § 1404(a) is committed to the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000). Before exercising that discretion, however, the court must first ascertain whether the action could have been properly brought in the transferee district. Shutte, 431 F.2d at 24. Once the court determines that jurisdiction and venue would be proper in the transferee district, the court must consider an array of both private and public interest factors in deciding whether to grant the transfer. Jumara, 55 F.3d at 879-80.

With respect to the private interests of the litigants, the Third Circuit has specifically enumerated the following factors: (1) the plaintiff's preferred forum; (2) the defendant's preferred forum; (3) where the claim or claims arose; (4) the convenience of the parties, with special emphasis on their respective physical and financial conditions; (5) the convenience of the witnesses with respect to their availability for trial; and (6) the location of books and records to the extent that their location would hinder their ability to be produced in discovery. Id. at 879. As for the public interest factors, the Third Circuit identified those as follows: (1) enforceability of a potential judgment; (2) practical considerations with respect to efficiency and cost savings; (3) the comparative administrative difficulty between the forums, with specific focus on court congestion; (4) "the local interest in deciding local controversies at home;" (5) public policy considerations; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." Id.

**B. Analysis**

As noted, the analysis begins with an inquiry into whether this action could have been brought in the transferee district—here, the Northern District of Illinois. Here, there is no question that jurisdiction and venue would be appropriate in the Northern District of Illinois.

Respondent resides in Illinois and is therefore subject to general jurisdiction in the state. See Dkt. No. 2, Pet. to Vacate at 5. Venue would be properly laid in the Northern District Illinois because the underlying class action and the ensuing arbitrations both occurred within that district; thus, "a substantial part of the events or omissions giving rise to the claim occurred" in that District. 28 U.S.C. § 1391(b)(2). The Court is therefore satisfied that this action could have been brought in the Northern District of Illinois.

The Court now considers the private and public interest factors outlined in Jumara. As to the private interest factors, the Court begins with Petitioner's choice of forum, since that choice "is a paramount consideration in any determination of a transfer request." Shutte, 431 F.2d Moreover, when the plaintiff chooses a home forum, that choice is "entitled to greater deference." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (quotation omitted). It must be noted, however, that the plaintiff's choice is not conclusive; if it were, then the courts would have no need to perform a multi-factor analysis. See Jumara, 55 F.3d at 879; Tischio, 16 F. Supp. 2d at 521 (A plaintiff's choice of forum "is simply a preference; it is not a right."). Here, Petitioner claims New Jersey as a home forum, and the Court accords deference to Petitioner's choice. This factor therefore weighs against transfer. As noted above, however, the plaintiff's choice of forum does not end the inquiry.

The remaining private interest factors strongly tip in favor of transfer. Respondent prefers to litigate this matter in the Northern District of Illinois; thus, that factor weighs in favor of transfer. In addition, every relevant fact in this case is related to Illinois. The underlying class action was litigated in the Northern District of Illinois; the MOU and the Engagement Letter were executed in Illinois by Illinois lawyers about fees in a case pending in the federal courts in Illinois; when a fee dispute arose, the arbitrations took place in Illinois. The convenience of

potential witnesses appears to support transfer, since the other parties to the underlying litigation and arbitrations are all located in Illinois. See Am. Pet. to Vacate at 5. Any documents, including attorney billing records, would presumably be located in the lawyers' offices in Illinois. Having weighed all of the private interest factors, the Court is satisfied that transfer is warranted. This is not a close call.

Even if the Court were to find that Petitioner's choice of forum outweighs other private considerations, the public interest factors heavily and unequivocally weigh in favor of transfer. Most importantly, both the MOU and the Engagement Letter provide for the application of Illinois law. See Dkt. No. 2-1, Ex. 1 at 27, 35. New Jersey courts generally "enforce choice-of-law provisions in contracts" absent a compelling public policy reason not to do so and so long as the contract has some connection to the chosen jurisdiction. Cohen v. Independence Blue Cross, 820 F. Supp. 2d 594, 602 (D.N.J. 2011). Here, the Court can discern no public policy reason to decline to apply the choice of law provisions in the MOU and the Engagement Letter, and both contracts obviously are strongly related to Illinois. Thus, Illinois law applies to the construction and enforcement of the underlying contracts. Surely, the Northern District of Illinois is far more familiar with the application of Illinois law than is this Court. Correlatively, the Court finds that Illinois has a stronger local interest in deciding the instant case. This case involves a fee dispute between lawyers licensed to practice law in Illinois arising out of a class action that was litigated in Illinois. All of the proceedings that led to the filing of this case occurred in Illinois. Illinois has a stronger interest in resolving this case than does New Jersey.

As to the remaining four public interest factors—enforceability of a potential judgment, practical considerations with respect to efficiency and cost saving, court congestion, and other

public policy interests—none weighs against transfer. As a result, the Court is satisfied that the public interest factors also support transfer.

Because Petitioner's choice of forum is strongly outweighed by both the private and public interest factors, the Court finds that transfer to the Northern District of Illinois is appropriate.

### III. CONCLUSION

In light of the foregoing, the Court finds that this case must be **TRANSFERRED** to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). An appropriate order will follow.

s/ *Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
